UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Civil No. CV04-501-S-EJL |
| Plaintiff-Respondent, | ) | Criminal No. CR03-152-S-EJL |
| | ) | |
| vs. | ) | |
| | ) | |
| DELBERT W. GRAY, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant-Petitioner. | ) | |
| | ) | |

Pending before the Court in the above-entitled matter are Petitioner Delbert Gray's Motion and Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Nos. 15 and 26). The Government has filed a response to the motion and amended motion. As of July 27, 2005, no reply was filed by Petitioner.

Factual Background

On July 14, 2003, Petitioner pled guilty to an information charging insurance fraud and admitted he defrauded an insurance company and numerous clients of approximately $1.4 million. On September 25, 2003, this Court sentenced Petitioner to 57 months imprisonment, three years supervise release, restitution in the amount of $1,518,321.99 and a special assessment of $100 for embezzlement or misappropriation of funds from an insurance company. Judgment was entered on September 30, 2003. No direct appeal was filed. The § 2255 motion was filed on September 27, 2004 alleging ineffective assistance of counsel. Petitioner alleges his counsel failed to raise certain objections at sentencing and he should have received a lower sentence. Moreover, Petitioner claims he was not advised of his waiver of appeal in his written plea agreement.

Timeliness

On April 24, 1996, the amendment to 28 U.S.C. § 2255 became effective. The amendment limited the time in which to file a §2255 motion to one year after the date the judgment of conviction becomes final. In the present case, the judgment of conviction became final when the conviction

**MEMORANDUM ORDER - Page 1**
05Orders\Gray_2255

was not appealed within 10 days of the judgment being entered.  Judgment was entered on September 30, 2003.  Therefore, Petitioner had until October 10, 2004 to file his § 2255 motion. Since the motion was filed on September, 27, 2004, the motion was timely filed.

Standard of Review

Pursuant to 28 U.S.C. § 2255, the Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...."  Furthermore, a hearing must be granted *unless* the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal."  United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1985); Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985).  However, a district court may summarily dismiss a §2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief...."  Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Court.  Thus in order to withstand summary dismissal of his motion for relief under §2255, Petitioner "must make specific factual allegations which, if true, would entitle him to relief on his claim."  United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990).  In the present case, the legal issues do not require an evidentiary hearing.

Waiver

The law concerning waiver of appeal rights is settled.

> Waiver of a statutory right to appeal is reviewed *de novo*. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir. 1991).  A defendant may waive a statutory right to appeal his sentence. United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990), cert. denied, 503 U.S. 942, 112 S.Ct. 1488, 117 L.Ed.2d 629 (1992). However, an express waiver of the right to appeal is valid only if knowingly and voluntarily made. Bolinger, 940 F.2d at 480. This court looks to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily. Id. In reviewing a waiver of appeal, we must also focus also upon the language of the waiver to determine its scope. See e.g. United States v. Johnson, 67 F.3d 200 (9th Cir. 1995). Further, we have recognized that the waiver of a right to appeal may be subject to certain exceptions such as claims involving a breach of the plea agreement, racial disparity in sentencing among codefendants or an illegal sentence imposed in excess of a maximum statutory penalty. See Id. at 202, n. 4 (citations omitted); see also United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (waiver of appeal does not preclude

**MEMORANDUM ORDER - Page 2**
05Orders\Gray_2255

claim that restitution exceeded statutory authority); United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994) (waiver of appeal subject to limited exceptions), cert. denied, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 850 (1995). At least one court has noted that proper enforcement of appeal waivers serves an important function in the judicial administrative process by "preserv[ing] the finality of judgments and sentences imposed pursuant to valid plea agreements." United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992).

United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996).

Simply stated, a defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made. United States v. Joyce, 357 F.3d 921, 922 (9th Cir. 2004).

In the present case, Petitioner has made no showing in his motions that his waiver of his appeal rights was invalid. The Plea Agreement signed by Petitioner provides, in pertinent part:

> The defendant is aware that 18 U.S.C. § 3742 affords defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the other terms of this Agreement, the defendant *knowingly and voluntarily gives up (waives) all appeal rights defendant may have regarding both defendant's conviction and sentence,* including any restitution or forfeiture order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute, or is the result of an incorrect application of the sentencing guidelines to which the defendant filed a proper and timely objection.

> The defendant is also aware that under certain circumstances a defendant has the right to collaterally challenge defendant's sentence through a habeas petition such as a motion pursuant to Title 28, United States Code, Section 2255. Acknowledging this, in exchange for the other terms of this Agreement, the defendant *knowingly and voluntarily gives up (waives) defendant's right to contest defendant's pleas, convictions, or sentence in any post-conviction proceeding, including any proceeding authorized by [§ 2255], except as to an appeal claiming ineffective assistance of counsel based upon facts discovered after the entry of defendant's guilty pleas.*

(Docket No. 17, p. 10, emphasis added).

The Court reviewed the transcript of Petitioner's plea hearing held July 14, 2003 and finds that the Court confirmed Petitioner's understanding of the indictment, including the charging statute and elements of each offense. Moreover, the elements of each offense were read to Petitioner during the plea hearing, along with the facts giving rise to the charges to which Petitioner pled guilty. The Petitioner acknowledged he had ample time to discuss his plea and was satisfied with his attorney. The Petitioner acknowledged that before he signed the plea agreement went over each and every

**MEMORANDUM ORDER - Page 3**
05Orders\Gray_2255

1   paragraph with his attorney.  Therefore, Petitioner cannot now claim he was unaware of the waiver

2   of his appeal rights included in his Plea Agreement.

3          The Court informed the Petitioner:

4          You have agreed to waive any and all appealable rights that you might otherwise
           have, post-conviction writs, or other defenses that could be raised except for two
5          areas:  and that would be if the Court erred in sentencing or if there was ineffective
           assistance of counsel from this point forward.  Those are the only two areas that you
6          have reserved for possible appeal.

7   Accordingly, if the Petitioner had an issue with his sentence, he could have filed a direct appeal

8   regarding that issue.  Since he failed to request a direct appeal be filed, Petitioner has waived his

9   right to raise sentencing objections in a § 2255 petition.

10                              Ineffective Assistance of Counsel

11         Even if Petitioner's claims were not barred by his waiver of appeal rights, the Court finds

12  the ineffective assistance of counsel claim does not satisfy the necessary requirements for such a

13  claim.  A petitioner claiming ineffective assistance of counsel must allege specific facts which, if

14  proved, would demonstrate that (1) counsel's actions were "outside the wide range of professionally

15  competent assistance," *and* (2) "there is a reasonable probability that, but for counsel's

16  unprofessional errors, the result of the proceeding would have been different."  Strickland v.

17  Washington, 466 U.S. 668, 687-690 (1984).  Mere conclusory allegations do not prove that counsel

18  was ineffective.  See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989).  A petitioner fails

19  to state a claim for ineffective assistance if he fails to allege facts sufficient to meet *either* the

20  "performance" or "prejudice" standard, and the district court may summarily dismiss his claim.

21         The Court has reviewed the Petitioner's motions, and the entire record herein, and concludes

22  that counsel's performance did not fall outside the wide range of professionally competent

23  assistance.  The Plea Agreement signed by both Petitioner and his counsel put the Petitioner on

24  notice of the maximum sentence he could receive and of the factual basis he was stipulating to

25  regarding his position of trust, the number of victims and the estimated amount of the loss.

26  Petitioner claims in his motion his attorney should have challenged the sentencing enhancements

27

28

**MEMORANDUM ORDER - Page 4**
05Orders\Gray_2255

for the amount of loss, number of victims and abuse of trust.  However, since all these facts were admitted by Petitioner in the factual basis included in the Plea Agreement and agreed to by Petitioner under oath during the plea hearing, a competent attorney would not have raised the objections at sentencing that Plaintiff now raises in his §2255 motion as such objections would have been rejected based on Petitioner's own admissions.  The fact that no objections were filed regarding the presentence investigation report does not support a finding that counsel acted outside the wide range of professionally competent assistance.

Moreover, even assuming for the sake of argument the Petitioner has alleged facts sufficient to satisfy the first prong of a claim of ineffective assistance of counsel, the Petitioner has failed to allege facts sufficient to satisfy the "prejudice" prong of the two part test of ineffective assistance of counsel.  Specifically, the Petitioner has failed to demonstrate there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of his case would have been different. For these reasons, the claim for ineffective assistance of counsel must be denied.

Order

Being fully advised in the premises, the Court hereby orders that Petitioner's Motion and Amended Motion Pursuant to 28 U.S.C. §2255 (Docket Nos. 15 and 26) are DENIED and the petitions are dismissed in their entirety.

DATED: **August 3, 2005**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - Page 5**
05Orders\Gray_2255